Joseph M. Levy, CSB #329318
JosephLevy@MarkowitzHerbold.com
MARKOWITZ HERBOLD PC
1455 SW Broadway, Suite 1900
Portland, OR 97201
Telephone: (503) 295-3085
Facsimile: (503) 323-9105

*Attorneys for Plaintiffs*

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

| | |
|---|---|
| SPEEDY SIMULATOR GAMING LLC, a Wyoming limited liability company, and SPYDER GAMES, LLC, a Louisiana limited liability company,<br><br>Plaintiffs,<br><br>v.<br><br>JOHN DOES,<br><br>Defendants. | Case No.<br><br>**COMPLAINT**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiffs allege:

**PARTIES**

1. Plaintiff Speedy Simulator Gaming LLC, is a Wyoming limited liability company.

2. Plaintiff Spyder Games LLC is a Louisiana limited liability company.

3. Defendants John Doe are anonymous individuals who go by the online aliases "Ponti" and "Dre."

**JURISDICTION AND VENUE**

4. This Court has subject matter jurisdiction over this action under 28 U.S.C. § 1331 (federal question).

5. This Court has personal jurisdiction over Defendants because they maliciously hacked into a Roblox account containing material belonging to Plaintiffs, and then



MARKOWITZ HERBOLD PC
1455 SW Broadway, Suite 1900
Portland, Oregon 97201
Tel (503) 295-3085 • Fax (503) 323-9105

MARKOWITZ HERBOLD PC
1455 SW Broadway, Suite 1900
Portland, Oregon 97201
Tel (503) 295-3085 • Fax (503) 323-9105

misappropriated game files from Roblox servers located in California. In so doing, Defendants electronically entered the forum state, thereby expressly aiming their intentional acts at the forum state. They also knew that harm would be suffered in the forum state when they unlawfully stole popular game files from the Roblox server to distribute them on the black market. The unlawful acquisition and distribution of Roblox games harms Roblox, a company headquartered in California.

6. Venue is proper under 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated in this district.

## FACTUAL BACKGROUND

7. On or about October 22, 2026, Defendants intentionally and without authorization infiltrated one or more Roblox accounts containing Plaintiffs' proprietary game, *Steal a Brainrot* (the "Stolen Game").

8. Upon gaining unauthorized access, Defendants accessed, acquired, and downloaded the Stolen Game, including its underlying game files and associated proprietary materials. Defendants then opened the Stolen Game in Roblox Studio, Roblox's game development platform, and maliciously modified its underlying code to insert a backdoor granting themselves unauthorized administrator privileges and control over the Stolen Game.

9. Defendants published the modified game code to Roblox's servers, thereby introducing the malicious modifications into the live game without Plaintiffs' knowledge or consent.

10. Using their unlawfully obtained administrator privileges, Defendants then generated and distributed to themselves and other individuals several of the most valuable in-game items, circumventing the Stolen Game's intended mechanics and economy.

11. Defendants' conduct compromised the integrity and security of the Stolen Game, altered its underlying code and data, and enabled Defendants to exercise unauthorized control over the game and its valuable virtual assets.

MARKOWITZ HERBOLD PC
1455 SW Broadway, Suite 1900
Portland, Oregon 97201
Tel (503) 295-3085 • Fax (503) 323-9105

12. On information and belief, Defendants carried out the initial intrusion through the use of a remote-access trojan ("RAT"), a form of malicious software designed to provide an unauthorized user with remote access to and control over a compromised computer or account.

13. Having unlawfully obtained the Stolen Game, Defendants sought to profit from their intrusion by offering the Stolen Game for sale to third parties through Discord, an online messaging and communications platform. Defendants' efforts to sell the Stolen Game demonstrate that their unauthorized access was not accidental or inadvertent, but was undertaken for the purpose of misappropriating Plaintiffs' valuable proprietary materials and exploiting those materials for Defendants' own financial gain, without Plaintiffs' knowledge, authorization, or consent.

14. Upon discovering Defendants' unauthorized intrusion and theft of the Stolen Game, Plaintiffs were forced to take the Stolen Game offline to investigate the breach, contain the intrusion, secure the compromised accounts, and prevent further unauthorized access or misappropriation of their proprietary materials. Plaintiffs devoted substantial time and resources to responding to the intrusion, including investigating the nature and scope of Defendants' unauthorized access, identifying the files and information accessed or taken, assessing the integrity and security of the compromised accounts and associated game files, restoring and securing those accounts, and implementing measures to prevent further unauthorized access. Plaintiffs also suffered losses resulting from the interruption of the Stolen Game's operations.

15. As a direct and foreseeable result of Defendants' conduct, Plaintiffs incurred losses exceeding the statutory minimum during a one-year period, including reasonable costs of responding to the intrusion, conducting a damage assessment, and restoring affected accounts, systems, and data to their condition prior to the intrusion.

## CLAIMS FOR RELIEF

### (Computer Fraud and Abuse Act, 18 U.S.C. §§ 1030(a)(2)(C), (a)(5)(C), and (a)(4))

16. Plaintiffs fully reallege and incorporate the above allegations.

17. Defendants intentionally and without authorization accessed one or more "protected computers" within the meaning of 18 U.S.C. § 1030(e)(2)(B), including Roblox's

MARKOWITZ HERBOLD PC
1455 SW Broadway, Suite 1900
Portland, Oregon 97201
Tel (503) 295-3085 • Fax (503) 323-9105

computer systems and servers hosting Plaintiffs' accounts and the Stolen Game, which are used in or affect interstate commerce or communication. Through this unauthorized access, Defendants obtained and downloaded Plaintiffs' proprietary game files and other information comprising the Stolen Game, without Plaintiffs' knowledge or consent, in violation of 18 U.S.C. § 1030(a)(2)(C).

18. Defendants had no authorization or permission from Plaintiffs to access the compromised Roblox accounts, obtain or download the Stolen Game, or otherwise access Plaintiffs' proprietary game files and associated materials. Defendants knowingly and intentionally accessed those accounts and materials without authorization.

19. Defendants' unauthorized intrusion caused damage within the meaning of 18 U.S.C. § 1030(e)(8), including by maliciously modifying the Stolen Game's underlying code to create unauthorized administrator privileges, publishing those modifications to Roblox's servers, and exploiting those privileges to generate valuable in-game items for themselves and others. These actions impaired the integrity of the Stolen Game's code, data, and systems, including its administrator permissions, item inventories, and in-game economy. As a result of Defendants' conduct, Plaintiffs were required to take the game offline, investigate the intrusion, identify and remove the malicious code, assess and remediate the unauthorized creation and distribution of in-game items, secure and restore the compromised accounts and game files, and implement measures to prevent further unauthorized access and manipulation.

20. Defendants knowingly and with intent to defraud accessed the protected computers without authorization, in violation of 18 U.S.C. § 1030(a)(4). Defendants' fraudulent intent is evidenced by their deliberate and unauthorized acquisition of Plaintiffs' proprietary game files and their subsequent efforts to sell the Stolen Game to third parties for financial gain.

21. Through their unauthorized access, Defendants furthered their fraudulent scheme and obtained valuable proprietary information and materials belonging to Plaintiffs, including the Stolen Game and its associated game files. Defendants further exploited their unauthorized access by maliciously modifying the Stolen Game's code to grant themselves administrator privileges, publishing those modifications to Roblox's servers, and using those privileges to generate and distribute to themselves and others several of the most valuable in-game items, without

MARKOWITZ HERBOLD PC
1455 SW Broadway, Suite 1900
Portland, Oregon 97201
Tel (503) 295-3085 • Fax (503) 323-9105

authorization and in circumvention of the Stolen Game's intended mechanics and economy. Through this conduct, Defendants unlawfully obtained valuable proprietary materials and virtual assets for their own benefit and the benefit of others, thereby obtaining things of value within the meaning of 18 U.S.C. § 1030(a)(4).

22. As a result of Defendants' conduct, Plaintiffs suffered damage or loss—including the reasonable costs of responding to the offense, conducting a damage assessment, lost profits, and restoring the affected accounts and data—exceeding the statutory minimum during a one-year period.

**JURY DEMAND**

23. Plaintiffs request a jury trial on all issues in this matter.

**PRAYER**

WHEREFORE, Plaintiffs pray for judgment as follows:

A. Judgment in favor of plaintiff and against Defendants;

B. Compensatory damages;

C. Preliminary and permanent injunctive relief restraining Defendants, and all persons acting in concert with them, from accessing Roblox accounts containing Plaintiffs' games, and from using, disclosing, selling, offering to sell, or otherwise transferring the Stolen Game or any information obtained through the unauthorized access;

D. For an order requiring Defendants to return and destroy all copies of the Stolen Game and any other information obtained through the unauthorized access, and to identify all persons to whom he has disclosed or transferred them;

E. Pre-judgment and post-judgment interest;

F. Any further relief in law or equity that Plaintiffs are entitled to or which the Court deems appropriate.

DATED: October 30, 2026.

MARKOWITZ HERBOLD PC

*s/Joseph M. Levy*
Joseph M. Levy, CSB #329318
JosephLevy@MarkowitzHerbold.com
*Attorneys for Plaintiffs*

2503969.1